### In re FOSTER.

(District Court, E. D. Pennsylvania. December 14, 1903.)

#### No. 55.

1. BANKRUPTCY—ACT OF BANKRUPTCY—SUFFICIENCY OF EVIDENCE.

The uncorroborated testimony of a single witness to a declaration made by an alleged bankrupt, after the conveyance by him of real estate to another, that the vendee was a creditor, if admissible in support of a creditor's petition alleging such conveyance as a preference constituting an act of bankruptcy, is insufficient to sustain such allegation, against the bankrupt's testimony that he was not indebted to the vendee, but received full payment for the land, and the testimony of other witnesses who saw the payment made.

In Bankruptcy. On exceptions to report of special referee.

Russell C. Stewart, for petitioning creditors.

F. H. Lehr, for alleged bankrupt.

J. B. McPHERSON, District Judge. The act of bankruptcy charged in the petition is the transfer of real estate by the bankrupt, while insolvent, to his brother Frank, who is averred to be a creditor, with intent to prefer his brother to the other creditors. The bankrupt's answer denied that he had committed the act of bankruptcy

set forth in the petition, and the issue thus framed was sent to a special referee to be determined. Testimony was taken, from which the referee has found that Frank was a creditor, and that the transfer was made in order to give him a preference. The bankrupt's contention is that he sold the property to Frank for a fair price in cash, and that he did not then owe his brother any money. The exceptions to the report raise the question whether the referee's finding of fact upon this point is correct. I agree with the referee that the testimony is meager and unsatisfactory, but I cannot avoid the conclusion that, so far as it goes, the weight of the evidence is decidedly with the bankrupt, and not with the petitioning creditors. I have no disposition to qualify the excellent rule that gives great weight to the finding of a tribunal that has heard the witnesses and observed their manner of testifying; but, after making due allowance for this advantage, it is still clear to my mind that the testimony in support of the averment that Frank was a creditor is not sufficient. As is stated by the referee, his finding is based upon the following testimony given by a witness named Chester Snyder:

"I had a conversation with Mr. Foster in reference to his indebtedness to his brother. I am not acquainted with his brother's name. I cannot fix the time of the conversation. It was after he failed. * * * He failed some time last fall—fall of 1898. John said, 'I owed my brother money.' The conversation was the result of John telling me about his failure. He offered to show me some papers. * * * The words used by John Foster were, 'I owed my brother and I can show you.' I don't know which brother he meant. I didn't know anything about it. I didn't see the papers. * * * He told me that he owed his brother money, and that he transferred his property to him on that account. He said he had the documents to show it. * * * As a fact, I know nothing about the truth of his statement about owing money to his brother. He did not say which brother. He did not mention any names at the time."

Against this there is the testimony of two witnesses who were present when the deed was executed, and saw the bankrupt's brother pay him money; one of them being the scrivener, who testified that the sum paid was $2,300 or $2,400, and that a mortgage of $500 was also assumed as part of the consideration. The other witness did not know the amount of cash, but "saw Mr. Frank Foster pay over to John Foster a roll of bills." There is no evidence to show that the sum was not the full value of the property, and there is none from which the inference can be satisfactorily drawn that the delivery of the money was not a genuine payment, but a mere device to give the transaction a proper appearance. Moreover, while Frank was not called as a witness, the bankrupt positively denied under oath that he had been indebted to his brother, and declared distinctly that the sale was genuine, and that he had been paid the money. And if the bankrupt's declarations are to be regarded as controlling, one witness testified that after the transfer the bankrupt declared "that he had never owed Frank a cent." It may, perhaps, be true that declarations concerning the financial relation between Frank and himself, although made after the deed was delivered, are evidence in this issue between the bankrupt and the petitioning creditors. Upon this point the referee cited Johnson v. Wald, 2 Am. Bankr. R. 84, 93 Fed. 640, but an examina-

tion of the report will show that it has no value as an authority. Evidence of similar declarations was, no doubt, received at the trial of that case; but there was no dispute concerning the fact that the vendee was a creditor, and the declarations were received without objection. In the Circuit Court of Appeals, only one question was raised, and that concerned a different matter. But, even if such declarations are evidence in an issue like this, the value of the testimony is evidently not great, and it certainly should be scanned with much care, especially since it stands alone, without corroborating testimony. A peculiar result of sustaining the referee's finding might be that, in a suit by the trustee in bankruptcy against Frank, the bankrupt's declarations made after the transfer could not be heard to affect his vendee's title, unless, perhaps, collusion were first shown: Grimes Co. v. Malcolm, 164 U. S. 490, 17 Sup. Ct. 158, 41 L. Ed. 524; Padgett v. Lawrence (N. Y.) 40 Am. Dec. 232, note; and Horton v. Smith (Ala.) 42 Am. Dec. 632. And we should have the anomaly of a cloud upon the vendee's title, that depended solely upon evidence that could not be heard.

I think it is clear that the finding of the referee was mistaken, and that he should have found that the bankrupt's brother was not his creditor when the property was transferred. The report of the referee is therefore set aside, and the petitioning creditors are directed to pay the costs of the reference.